KELLY & BRENNAN
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
Attorneys for Debtor
ANDREW J. KELLY AK6477

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF<br><br>ROBERT A. STORINO,<br><br>Debtor. | Chapter 7<br><br>Case No. 98-45277/RG |
| ROBERT A. STORINO,<br><br>Plaintiff,<br>v.<br><br>BOSTON COLLEGE, GRADUATE LOAN CENTER and MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY,<br><br>Defendants. | Adv. Pro. No. 01-3073<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT<br><br>FILED<br>JAMES J. WALDRON<br>FEB 14 2001<br>U.S. BANKRUPTCY COURT<br>NEWARK, NJ<br>BY_____ DEPUTY |

Plaintiff, Robert A. Storino ("Plaintiff" or "Storino"), by way of Complaint against Defendants, Boston College, Graduate Loan Center and Massachusetts Educational Financing Authority, says:

### PARTIES

1. Plaintiff, Robert A. Storino resides at 196B Donor Avenue, Elmwood Park, New Jersey 07407.

2. Defendant, Boston College has offices located at Office of Student Loans, More Hall, Room 370, Chestnut Hill, Massachusetts 02167-3819.

3. Defendant, Graduate Loan Center has offices located at P. O. Box 8155, Harrisburg, PA 17105-8155.

4. Defendant, Massachusetts Educational Financing Authority has offices located at 125 Summer Street, Boston, MA 02110.

5. On November 24, 1998, Plaintiff filed a Petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq.

6. On March 1, 1999, Plaintiff received his Chapter 7 discharge.

7. Defendants, Boston College, Graduate Loan Center and Massachusetts Educational Financial Authority were listed as creditors in Plaintiff's Chapter 7 Petition. Plaintiff's obligation to Defendants relate to student loan obligations.

## VENUE

8. Jurisdiction in this matter exists by virtue of 28 U.S.C. §1334.

9. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

10. Venue is proper in this Court by virtue of 28 U.S.C. §1408.

## COUNT ONE
### (Boston College Loan)

11. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Pursuant to 11 U.S.C. §523(a)(8), student loans qualifying under §523(a)(8) are nondischargeable unless excepting such debt from discharge under §523(a)(8) will impose an undue hardship on the Debtor and the Debtor's dependants.

13. Plaintiff cannot maintain, based on current income and expenses, a minimal standard of living for himself if forced to repay the student loan(s) owed to Defendant.

14. Plaintiff's state of affairs is likely to persist for a significant portion of the repayment period for the student loan(s).

15. Plaintiff has made good faith efforts to repay the loan(s), but excepting the student loan owed to Boston College from discharge under §523(a)(8) will impose an undue hardship on the Plaintiff.

WHEREFORE, Plaintiff respectfully requests entry of an Order against Defendant, Boston College:

A. Determining that the student loan obligation owing to Defendant, Boston College imposes an undue hardship on Debtor and therefore is discharged under 11 U.S.C. §523.

B. Granting such other and further relief as the Bankruptcy Court deems appropriate.

### COUNT TWO
### (Graduate Loan Center Loan)

16. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Pursuant to 11 U.S.C. §523(a)(8), student loans qualifying under §523(a)(8) are nondischargeable unless excepting such debt from discharge under §523(a)(8) will impose an undue hardship on the Debtor and the Debtor's dependants.

18. Plaintiff cannot maintain, based on current income and expenses, a minimal standard of living for himself if forced to repay the student loan(s) owed to Defendant.

19. Plaintiff's state of affairs is likely to persist for a significant portion of the repayment period for the student loan(s).

20. Plaintiff has made good faith efforts to repay the loan(s), but excepting the student loan owed to Graduate Loan Center from discharge under §523(a)(8) will impose an undue hardship on the Plaintiff.

WHEREFORE, Plaintiff respectfully requests entry of an Order against Defendant, Graduate Loan Center:

A.  Determining that the student loan obligation owing to Defendant, Graduate Loan Center imposes an undue hardship on Debtor and therefore is discharged under 11 U.S.C. §523.

B.  Granting such other and further relief as the Bankruptcy Court deems appropriate.

## THIRD COUNT
### (Massachusetts Educational Financing Authority)

21. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. Pursuant to 11 U.S.C. §523(a)(8), student loans qualifying under §523(a)(8) are nondischargeable unless excepting such debt from discharge under §523(a)(8) will impose an undue hardship on the Debtor and the Debtor's dependants.

23. Plaintiff cannot maintain, based on current income and expenses, a minimal standard of living for himself if forced to repay the student loan(s) owed to Defendant.

24. Plaintiff's state of affairs is likely to persist for a significant portion of the repayment period for the student loan(s).

25. Plaintiff has made good faith efforts to repay the loan(s), but excepting the student loan to Massachusetts Educational Financing Authority from discharge under §523(a)(8) will impose an undue hardship on the Plaintiff.

WHEREFORE, Plaintiff respectfully requests entry of an Order against Defendant, Massachusetts Educational Financing Authority:

A.  Determining that the student loan obligation owing to Defendant, Massachusetts Educational Financing Authority imposes an undue hardship on Debtor and therefore is discharged under 11 U.S.C. §523.

B.   Granting such other and further relief as the Bankruptcy Court deems appropriate.

KELLY & BRENNAN, P.C.
Attorneys for Robert A. Storino

BY: _____
ANDREW J. KELLY, ESQ.

Dated: February 13, 2001

**KELLY & BRENNAN**
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
Attorneys for Debtor
ANDREW J. KELLY AK6477

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>ROBERT A. STORINO,<br><br>Debtor. | Chapter 7<br><br>CASE NO. 98-45277/RG<br><br>ORDER REOPENING CHAPTER 7 PROCEEDING<br><br>Hearing Date: December 5, 2000<br>10:00 a.m.<br><br>Oral Argument is Waived |

THIS MATTER having been opened to the Court by Kelly & Brennan, P.C., attorneys for Robert A. Storino, Debtor herein; and the Court having read and considered the Debtor's Motion seeking the entry of the within Order; and it appearing that proper notice and service having been provided and made as demonstrated by the Certification of Service filed with this Court; and for

Good cause being shown,

IT IS ON THIS 6th DAY OF February, 2000;

ORDERED, that the Chapter 7 proceeding of Robert A. Storino, Case No. 98-45277/RG previously discharged under Order dated March 1, 1999 be and the same is hereby reopened.

ROSEMARY GAMBARDELLA
CHIEF JUDGE

HONORABLE ROSEMARY GAMBARDELLA, U.S.B.J.

## CERTIFICATION OF MAILING

I HEREBY CERTIFY that on _____, 2000, I mailed a copy of the foregoing Order to each of the following:

        James J. Waldron, Clerk

        By_____
          Deputy Clerk